IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41343
Summary Calendar
_____

THOMAS V. MILLER,

                                        Plaintiff-Appellant,

versus

FIRST NATIONAL BANK OF VAN ALSTYNE; VAN ALSTYNE FINANCIAL
CORP.; ROBERT H. HYNDS; TOHNIE HYNDS; J. DON GORDON,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
(4:01-CV-129)
--------------------
September 24, 2002

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     Plaintiff-Appellant Thomas Miller appeals from the dismissal of his Racketeer Influenced and Corrupt Organizations Act (RICO) claims as time-barred and from the denial of his postjudgment motion, in which he alleged for the first time that a June 2001 discovery of bank records previously concealed by the defendants precluded a determination that his claims were time-barred.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The allegations contained in Miller's prior lawsuits establish that he was aware of the alleged fraudulent concealment more than four years prior to the April 2001 filing of the instant RICO claims, negating any entitlement that he might otherwise have had to a tolling of the limitations period pursuant to the fraudulent concealment doctrine. See Agency Holding Corp. v. Malley-Duff & Assocs., Inc., 483 U.S. 143, 156 (1987) (civil RICO actions subject to a four-year limitations period); Love v. Nat'l Med. Ent., 230 F.3d 765, 779 (5th Cir. 2000) (under fraudulent concealment doctrine, limitations period is tolled until the plaintiff discovers, or with reasonable diligence should have discovered, the concealed fraud).

The district court did not abuse its discretion in denying Miller's postjudgment motion. His allegation that the newly discovered records substantiated his RICO claims is not supported by anything other than his self-serving affidavit, in which he made only conclusional arguments that these newly discovered documents entitled him to relief under the RICO Act. See S. Constructors Group, Inc. v. Dynalectric Co., 2 F.3d 606, 611 (5th Cir. 1993) (denial of Federal Rule of Civil Procedure 59 motions reviewed for abuse of discretion).

Miller's appeal is without arguable merit and therefore is dismissed as frivolous. See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). We have previously sanctioned Miller and have warned him that additional frivolous suits or

appeals filed by him or on his behalf would invite further sanctions. See Miller v. First Nat'l Bank of Van Alstyne, Texas, No. 00-40196 (5th Cir. April 2, 2001) (unpublished). As Miller has refused to heed that warning, filing yet another frivolous lawsuit and appeal, he is sanctioned $100. Until this sanction is paid in full, the clerk of this court shall return to Miller unfiled any submission that he might attempt to file. Payment of sanctions shall be made to this court. Miller is cautioned that any further violation of our previous warnings shall result in harsher sanctions.

APPEAL DISMISSED AS FRIVOLOUS; SANCTION IMPOSED; WARNINGS REITERATED.